**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

March 2, 2023

Lynn A. Kelly, Esquire
Delaware Department of Justice
4435 N. Market Street, 3rd Floor
Wilmington, DE 19802

Drew's Tree Service LLC
c/o Andrew Massarelli, Jr.
P.O. Box 16
Magnolia, DE 19962

Re: *Delaware Dept. of Labor v. Drew's Tree Service, LLC*,
C.A. No. 2022-0081-SG

Dear Litigants:

Petitioner Delaware Department of Labor ("Petitioner") has moved pursuant to Court of Chancery Rules 12 and 55(b) for default judgment against Respondent Drew's Tree Service LLC ("Respondent"). I have transferred this matter to myself for the limited purpose of resolving the pending motion. The motion is granted.

This action arises from Respondent's alleged failure to pay workers' compensation insurance. Petitioner alleges that the Respondent does business in the state of Delaware,[1] that it employs workers in this state,[2] and that the Respondent has not complied with the Delaware Department of Labor's May 28, 2021 subpoena requiring Respondent to obtain worker's compensation insurance and provide Petitioner proof of such insurance.[3] On August 4, 2021, the Industrial Accident Board ("IAB") held a hearing regarding

---

[1] Pet'r's Verified Pet. Injunction Order ("Pet.") ¶ 10, Dkt. No. 1.

[2] *Id*. ¶ 11.

[3] *Id*. ¶ 19.

Respondent's non-compliance with the subpoena.[4]  As a result of the hearing, the IAB issued an order on August 4, 2021 (the "Order").[5]

The IAB found that the Respondent was in violation of 19 *Del. C.* § 2374(a), which requires compliance with 19 *Del. C.* §§ 2372–73, and ordered the Respondent to immediately obtain workers' compensation insurance and submit proof of such insurance by September 4, 2021.[6]  The Order provided that non-compliance would result in referral "back to the Industrial Accident Board for civil penalties per § 2374(e)."[7]  The Petitioner did not provide proof of insurance, so the matter was referred to the Department of Justice to file this Petition.[8]

Petitioner filed this action on January 25, 2022.[9]  Respondents failed to appear or answer.[10]  On March 1, 2022, Petitioner moved for default judgment.[11]  On September 16, 2022, Vice Chancellor Glasscock issued an order scheduling a hearing on the motion for

---

[4] *Id.* ¶ 21.

[5] *Id.* ¶ 23.

[6] *Id.* Ex. C.

[7] *Id.* Ex. C.

[8] *Id.* ¶¶ 27–28.

[9] *See id.*

[10] After receiving a letter and a copy of the Petition from Mr. Massarelli, the Court informed Mr. Massarelli that he could not appear *pro se* on behalf of his limited liability company Drew's Tree Service.  Letter to Mr. Massarelli Regarding Return of Documents from the Court, Dkt. No. 5.

[11] Mot. Default J., Dkt. No. 6.

default judgment to be held on October 26, 2022.[12]   However, on October 24, 2022, Petitioner informed the Court that it was unable to obtain service and requested that the hearing be continued.[13]  Vice Chancellor Glasscock continued the hearing.[14]

Respondent's owner and registered agent, Andrew Massarelli, Jr., did not receive word that the hearing was cancelled and appeared at the courthouse on October 26, 2022. While present, he provided the Court with his updated phone number and mailing address.[15]  On November 16, 2022, the Vice Chancellor rescheduled the hearing on the motion for default judgment for January 6, 2023.[16]

The Vice Chancellor held the January 6th hearing by Zoom.[17]  Mr. Massarelli attended, but the Respondent was not represented by counsel.[18]  While individual litigants may appear *pro se* under Delaware law, entities, may not.[19]  The Vice Chancellor informed Mr. Massarelli that because he is not a licensed attorney, he cannot represent the

---

[12] Order for Hr'g, Dkt. No. 9.

[13] Letter, Dkt. No. 17.

[14] Order, Dkt. No. 18.

[15] Resp't's Updated Mailing Address and Phone Number, Dkt. No. 20.

[16] Letter to Counsel and Litigant, Dkt. No. 21.

[17] Judicial Action Form, Dkt. No. 23.

[18] *Id*.

[19] *See Harris v. RHH P'rs, LP*, 2009 WL 891810, at *2 (Del. Ch. Apr. 3, 2009) (citing *Transpolymer Indus. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990)).

Respondent in proceedings in the Court of Chancery.[20]  Mr. Massarelli indicated that he wished to hire an attorney to represent the Respondent and to contest the Petition.  In the interest of litigating claims fully,[21] the Vice Chancellor gave Mr. Massarelli twenty days to cause counsel to enter an appearance on Respondent's behalf and continued the hearing until January 26, 2023.[22]  January 26, 2023 came and went.  Respondent did not cause an attorney to enter an appearance on the Respondent's behalf.

"The effect of a default in answering . . . is to deem admitted all the well-pleaded facts in the complaint."[23]  A respondent is entitled to a default judgment only if "those facts, taken together, state a claim upon which relief can be granted."[24]

Deeming the well-pled facts admitting, the Petitioner is entitled to default judgment. Under Delaware law, all employers subject to Chapter 23, Title 19 of the Delaware Code ("Subject Employers") are required to carry valid workers' compensation insurance or to qualify for self-insurance and to comply with the requirements for those who are self-insured.[25]  Subject Employers must be in compliance with 19 *Del. C.* § 2372(a) and provide

---

[20] There are advantages and disadvantages in running a business in one's own name or through an LLC, but one of the incidents of the LLC form is the requirement that the entity be represented by counsel in court proceedings.

[21] *See J.F. Sobieski Mechanical Contractors Inc. v. Kruger*, C.A. No. 8250-VCP, 13:3–9 (Del. Ch. Aug. 28, 2013) (TRANSCRIPT) (denying a default judgment when *pro se* defendant stated an intention to contest the merits at rule to show cause hearing).

[22] Judicial Action Form, Dkt. No. 23.

[23] *Hauspie v. Stonington P'rs, Inc.*, 945 A.2d 584, 586 (Del. 2008).

[24] *Id*.

[25] 19 *Del. C.* § 2372(a).

evidence that they are in compliance on request by the Department of Labor.[26] An employer is a Subject Employer when they employ one or more employees and are not otherwise exempt.[27]

There are penalties for a continuing violation of 19 *Del. C.* § 2374(a).[28] These include, "[a]n assessment of $10 per day for each employee in the employer's service at the time when the insurance became due, but not less than $250 for each day of such refusal or neglect and until the same ceases."[29] Further, thirty days after notice is given, 19 *Del. C.* § 2374(f) permits the Department of Labor the power to seek an injunction from the Court of Chancery enjoining employers who fail to comply with 19 *Del. C.* §§ 2372–73 from carrying on business while out of compliance with either of those provisions.[30]

The Petition alleges that Respondent employs workers in Delaware.[31] The Respondent is therefore a Subject Employer. The Petition alleges that Respondent does not carry workers' compensation insurance.[32] The Respondent is thus out of compliance with 19 *Del. C.* § 2372(a). The Petition alleges that Respondent did not provide proof of insurance when subpoenaed by the Department of Labor or when ordered to provide such

---

[26] 19 *Del. C.* § 2374(a).

[27] 19 *Del. C.* § 2306(a).

[28] 19 *Del. C.* § 2374(e).

[29] 19 *Del. C.* § 2374(e)(2).

[30] 19 *Del. C.* § 2374(f).

[31] Pet. ¶ 11.

[32] *See* Pet. ¶¶ 17, 27.

information by the IAB.[33]  The Respondent is thus out of compliance with 19 *Del. C.* § 2374(a).

Petitioner seeks an order finding that Respondent is in violation of Chapter 23, Title 19 of the Delaware Code and requiring Respondent to pay $52,250.00 in assessments, which is $250 per day for the 209 days of non-compliance between Respondent's notification of its obligation to comply with the Order and the filing of Petitioner's motion for default judgment.[34]  Such relief is warranted under 19 *Del. C.* § 2374(e).

Petitioner also requests an injunction prohibiting Respondent from carrying on business during the period in which he is out of compliance.[35]  More than 30 days have passed since Respondent was informed of his non-compliance and the Petitioner avers that it has received no evidence of compliance with the Order,[36] an injunction prohibiting the Respondent from carrying on business until it comes into compliance is therefore just and proper under § 2374(f).

Petitioner's motion is thus granted.  Petitioner is entitled to an assessment of $52,250.00 and an injunction prohibiting Respondent from operating its business in Delaware pursuant to 19 *Del. C.* § 2374(f) while Respondent is out of compliance.

---

[33] Pet. ¶¶ 19, 24–27, Ex. C.

[34] Mot. Default J. ¶¶ 10–11; Pet. Prayer for Relief Sought.

[35] Pet. Prayer for Relief Sought.

[36] Pet. ¶ 27; Mot. Default J. ¶ 9.

The Petitioner's proposed form of order will be entered on the docket.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:    All counsel of record (by *File & ServeXpress*)